786

manner required of him by the employment, when he sustained the fatal injury; that the employee was not engaged in a frolic of his own at such time. [Emphasis supplied.]

"That the death of the employee arose out of and in the course of the employment."

Appellants attack the Deputy Commissioner's findings that Williams' death (1) arose out of and in the course of employment, and (2) was not occasioned solely by intoxication.

 Workmen Compensation laws are construed liberally in favor of injured employees and their dependents. Voris v. Eikel, 1953, 346 U.S. 328, 74 S.Ct. 88, 98 L.Ed. 5; Pillsbury v. United Engineering Co., 1952, 342 U.S. 197, 72 S.Ct. 223, 96 L.Ed. 225; Baltimore & Philadelphia Steamboat Co. v. Norton, 1932, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366; Associated General Contractors of America v. Cardillo, 1939, 70 App.D.C. 303, 106 F.2d 327. This court also has held that doubts should be resolved in favor of the employee or his dependent family. Travelers Insurance Co. v. Donovan, 1955, 95 U.S.App.D.C. 331, 221 F.2d 886; Robinson v. Bradshaw, 1953, 92 U.S.App.D.C. 216, 206 F.2d 435, certiorari denied 1953, 346 U.S. 899, 74 S.Ct. 226, 98 L.Ed. 400. "If supported by evidence and not inconsistent with the law, the Deputy Commissioner's inference that an injury did or did not arise out of and in the course of employment is conclusive. No reviewing court can then set aside that inference because the opposite one is thought to be more reasonable; nor can the opposite inference be substituted by the court because of a belief that the one chosen by the Deputy Commissioner is factually questionable." Cardillo v. Liberty Mutual Ins. Co., 1947, 330 U.S. 469, 477–478, 67 S.Ct. 801, 806, 91 L.Ed. 1028; O'Leary v.

Brown-Pacific-Maxon, Inc., 1951, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483.

 In light of our sharply limited review function, the present record affords no basis for disturbing the Deputy Commissioner's determination that Williams' death "arose out of and in the course of the employment." The Deputy Commissioner's finding that Williams' "injury and death were not occasioned solely by intoxication" (emphasis supplied) must also stand.[2] The evidence supports the Deputy Commissioner's finding that a complexity of factors entered into the cause of the accident.

Affirmed.

---

**Emma R. MARLOWE, Administratrix of the Estate of Charles Richard Marlowe, Appellant,**

v.

**Josephine ROCHE et al., Appellees.**

No. 15944.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 10, 1961.

Decided April 13, 1961.

Mr. Warren E. Miller, Washington, D. C., for appellant.

Mr. Edward L. Carey, Washington, D. C., with whom Messrs. Val J. Mitch and Charles L. Widman, Washington, D. C., were on the brief, for appellees.

Before WILBUR K. MILLER, Chief Judge, PHILLIPS, Senior United States

---

2. Under § 920 of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, (1927), 33 U.S.C.A. § 901 et seq., as made applicable to the District of Columbia by the Act of May 17, 1928, 45 Stat. 600, D.C.Code, § 36–501, 33 U.S.

C.A. § 903 note, "It shall be presumed, in the absence of substantial evidence to the contrary— * * *

"(c) That the injury was not occasioned solely by the intoxication of the injured employee." (Emphasis supplied.)

Circuit Judge for the Tenth Circuit,* and BURGER, Circuit Judge.

PER CURIAM.

The judgment of the District Court is affirmed. Kennett v. Roche, No. 15892, D.C.Cir., Dec. 20, 1960; Kennet v. United Mine Workers, D.C.D.C.1960, 183 F.Supp. 315.

Affirmed.

**Robert W. HICKS, Appellant,**

v.

**J. Edward DAY, Postmaster General of the United States (individually and as Postmaster General of the United States), et al., Appellees.**

**No. 15979.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 21, 1961.

Decided April 6, 1961.

Mr. Richard A. Mehler, Washington, D. C., with whom Mr. Charles P. Hovis, Washington, D. C., was on the brief, for appellant.

Mr. Robert E. Powell, Atty., Dept. of Justice, Baltimore, Md., of the bar of the Court of Appeals of Maryland, pro hac vice, by special leave of court, with whom Asst. Atty. Gen. George C. Doub at the time the brief was filed, Messrs. Oliver Gasch, U. S. Atty., and John G. Laughlin, Jr., Atty., Dept. of Justice, were on the brief, for appellees.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This action was brought by plaintiff [appellant] for reinstatement to his position with the United States Post Office, from which he claims he was wrongfully removed. A similar suit filed by plaintiff in 1956 was dismissed by the District Court for failure to substitute indispensable parties and was appealed unsuccessfully to this court. Hicks v. Summerfield, 1958, 104 U.S.App.D.C. 286, 261 F.2d 752. That action did not terminate until the Supreme Court denied certiorari. 1959, 359 U.S. 959, 79 S.Ct. 798, 3 L.Ed.2d 766. Thereafter, the present action naming the proper parties was filed in the District Court, plaintiff contending

* Sitting by designation pursuant to Sec. 294(d), Title 28 U.S.C.